# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL FRENCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 1:20-cv-3980 |
| v. ) | |
| ) | |
| CAREERBUILDER EMPLOYMENT ) | |
| SCREENING, LLC, ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S COMPLAINT WITH
## DEMAND FOR JURY TRIAL

Now comes the Plaintiff, MICHAEL FRENCH (hereinafter "Plaintiff" or "French"), and files his Complaint against the Defendant, CAREERBUILDER EMPLOYMENT SCREENING, LLC (hereinafter "Defendant" or "CareerBuilder") and says:

## NATURE OF THE CLAIMS

1. This is an action for monetary damages, pursuant to the Family and Medical Leave Act of 1996, 29 U.S.C. §§ 2601, *et seq.* (hereinafter the "FMLA") to redress Defendant's unlawful employment practices against Plaintiff including interference with and retaliation for Plaintiff's lawful exercise of his rights under the FMLA leading to his unlawful termination.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding Plaintiff's rights under the FMLA.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

1

## PARTIES

4. Plaintiff, French, is a citizen of the United States, and is, and was at all times material, a resident of the State of Illinois.

5. Defendant, CareerBuilder, is a Domestic Limited Liability Corporation with its principal place of business in Rolling Meadows, Illinois.

6. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## FACTUAL ALLEGATIONS

7. Plaintiff was employed by Defendant for approximately six (6) years and at the time of his unlawful termination Plaintiff held the position of Screening Coordinator.

8. Plaintiff was a full-time employee who regularly worked forty hours per week.

9. While employed by Defendant, Plaintiff satisfactorily performed the job requirements of his position.

10. Beginning in November 2019 Plaintiff worked remotely for Defendant.

11. In December 2019 Plaintiff requested and was approved to take intermittent leave under the FMLA due to the birth of his son.

12. In retaliation for his use of intermittent FMLA, in February 2020 Plaintiff was told that he could no longer work remotely and would need to return to the office.

13. Immediately upon Plaintiff's return to the office, Defendant placed Plaintiff on an unfounded Performance Improvement Plan.

14. To further retaliate against Plaintiff for his use of FMLA Defendant gave Plaintiff "quizzes" on material he has not been trained on. Plaintiff's supervisor, Alicia Adams, then issued

him written warnings for allegedly answering quiz questions incorrectly despite the fact that Plaintiff's answers correct. Ms. Adams refused to rescind the written warnings.

15. Additionally, to harass Plaintiff and discourage him from taking additional FMLA leave Defendant forced Plaintiff to undergo remedial training from an employee with significantly less experience than himself.

16. Notwithstanding all of Defendant's harassment, Plaintiff's performance exceeded expectations during his first month after returning to the office.

17. In mid-March 2020 Defendant instructed Plaintiff to return to working remotely, due to the COVID-19 pandemic.

18. After returning to working remotely Plaintiff began to experience technical difficulties with Defendant's systems that were outside of his control.

19. Plaintiff submitted tickets to the Defendant's Information Technology Department, but the technical difficulties were not resolved.

20. As a result of Defendant's failure to resolve Plaintiff's technical issues Plaintiff's production numbers were negatively impacted.

21. Plaintiff complained to Cindy Ashby, Department Manager, about the unfounded written warnings and retaliation he was experiencing as a result of taking FMLA leave. No remedial action was taken.

22. In late March 2020 Plaintiff took leave under the FMLA from March 31, 2020 through April 10, 2020.

23. On April 13, 2020 upon Plaintiff's return to work, Defendant terminated his employment.

24. Defendant unlawfully terminated Plaintiff under pretext and in retaliation for his lawful exercise of his rights under the FMLA.

25. Plaintiff has been damaged by Defendant's illegal conduct.

26. Plaintiff has retained the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## Count 1: FMLA Retaliation

27. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-26 above.

28. Plaintiff was an employee eligible for protected leave under the FMLA.

29. Defendant is and was an employer as defined by the FMLA.

30. Plaintiff exercised, or attempted to exercise, his rights under the FMLA.

31. Defendant retaliated against Plaintiff for exercising, or attempting to exercise, his FMLA rights.

32. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

33. Plaintiff was injured due to Defendant's willful violation of the FMLA, to which he is entitled to legal relief.

## Count 2: FMLA Interference

34. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-26 above.

35. Plaintiff was an employee eligible for protected leave under the FMLA.

36. Defendant is and was an employer as defined by the FMLA.

37. Plaintiff exercised, or attempted to exercise, his rights under the FMLA.

38. Defendant interfered with Plaintiff's lawful exercise of his FMLA rights.

39. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

40. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which he is entitled to legal relief.

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in the amount to be proved at trial, and prejudgment interest thereon;

b) Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert witness fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

*/s/ Gary Martoccio*
Gary Martoccio
Illinois Attorney Registration No. 6313431
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33609
T: (800) 965-1570 Ext. 106
F: (866) 580-7499
gary.martoccio@spielbergerlawgroup.com

*Attorney for Plaintiff*